IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **CHRISTINA HO,** | |
| **Plaintiff,** | |
| vs. | Civil Action No. 1:17-CV-03246-LMM |
| **HYANG SOOK CHUNG, and KANGSAN, LLC d/b/a "KEUM SOO KANG SAN",** | |
| **Defendants.** | |

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

1.  This Settlement Agreement and General Release ("Agreement") is entered into by and between Plaintiff Christina Ho ("Ho"), and Defendant Kangsan, LLC ("Kangsan") and Defendant Hyangsook Chung ("Chung") (collectively, "Defendants"), on their own behalf and on behalf of their past and present parents, subsidiaries and affiliates, and their past and present predecessors, successors, assigns, representatives, officers, directors, agents, members and employees.

2.  **Non-Admission**. This Agreement does not constitute an admission by Defendants of any violation of any law or statute, and the parties agree that neither this Agreement nor the furnishing of consideration shall be deemed or construed for any purposes as evidence or an admission of liability or wrongful conduct of any kind.

3.  Ho filed the instant lawsuit entitled *Christina Ho v. Hyangsook Chung and Kangsan, LLC* in the Northern District of Georgia, Atlanta Division, Civil Action No. 1:17-cv-03246-LMM, under the Fair Labor Standards Act ("FLSA"). Ho and Defendants desire fully and finally to resolve this litigation and any and all other claims or disputes, whether known or unknown, that have been made or could have been made by or on behalf of Ho against Defendants relating to any alleged conduct, pay practices, actions, or events occurring at any time prior to and including the date on which this Agreement is executed. Ho represents that no

1

other charges, actions, or claims are pending on her behalf, other than those set forth in this paragraph.

4. **Settlement Payment**.

a) In consideration for signing this Agreement and the fulfillment of the promises herein, Defendant Kangsan, LLC and Defendant Hyangsook Chung, jointly and severally, agree to pay Ho the total sum of TWENTY SIX THOUSAND TWO HUNDRED DOLLARS AND ZERO CENTS ($26,200.00). This payment is inclusive of all claims for attorneys' fees and expenses.

b) The settlement amount shall be paid by Defendants as follows:

1) $5,000.00 within 3 days after approval of the Agreement by the Court, consisting of the following checks:

   a. A check in the amount of $3,000.00 payable to Christina Ho; and

   b. A check for $2,000.00 payable to Brian Kim, PC (EIN: 82-1802456).

2) $2,000.00 per month for 10 consecutive months beginning on the 33rd day after approval of the Agreement by the Court, consisting of the following checks:

   a. A check in the amount of $1,200.00 payable to Christina Ho;

   b. A check for $800.00 payable to Brian Kim, PC (EIN: 82-1802456).

3) One month after the last payment is subsection (b)(2) above, a final payment of consisting of a check in the amount of $1,200.00 payable to Christina Ho.

c) The payments set forth in Section 4 shall be sent to Ho's attorney, Brian Kim PC, at 1815 Satellite Blvd, Suite 303, Duluth, GA 30097 (Attention: Brian Kim, Esq.).

d) In the event Defendants do not make any of the scheduled payments as described in Section 4 within a three (3) day grace period following the due date, Defendants agree to pay Ho a late fee of $200.00, in addition to all other remedies provided in this Agreement.

2

e) <u>Tax Reporting</u>. Ho will be issued an IRS Form 1099-MISC for $16,200.00. Brian Kim, PC will be issued an IRS Form 1099 for $10,000.00. **Ho and Defendants are specifically aware of, and agree with, the amount of attorneys' fees and costs to be paid to Ho's counsel for representing Ho's interests in this matter.**

f) <u>Indemnification</u>. The Parties have agreed to structure this settlement such that the payments to Ho will be reported on IRS Form 1099-MISC, and Defendants have agreed to a settlement amount that includes an additional $1,200.00 over and above the original settlement amount negotiated by the Parties in order to cover the employer portion of payroll taxes that Defendants would have been required to pay if Ho's portion of the settlement were reported on IRS Form W-2. Plaintiff will be solely responsible for the payment of any and all taxes, penalties or interest assessed by any taxing authority with respect to the payments made by Defendants under this Settlement Agreement. **In the event that any taxing authority assesses any taxes, penalties or interest against any Defendant, or any other person or entity released under this Agreement, with respect to the payments made hereunder, Plaintiff agrees to indemnify, defend and hold harmless Defendants, and all persons and entities released under this Agreement, with respect to any such taxes, penalties, or interest arising from or related to the payments made by Defendants under this Settlement Agreement.** However, in the event, and only to the extent, that any taxing authority assesses any tax, penalty, or interest against any Defendant due to Defendants' incorrect or untimely filing of IRS Form 1099-MISC, Defendants acknowledge that Plaintiff will not indemnify, defend, or hold harmless Defendants with respect to any such tax, penalty, or interest. The term 'incorrect' in the preceding sentence shall be deemed to mean only that the Form 1099 suffers from some procedural or formatting error, and shall not be construed to encompass, or exempt from Plaintiff's obligation to indemnify, defend and hold harmless, any circumstance in which the IRS makes a determination that the reporting via Form 1099 of the payments made under this Settlement Agreement is in any way substantively incorrect or that those payments should have been treated or reported differently for tax purposes. Plaintiff specifically acknowledges that the payment of the additional $1,200.00 is intended to compensate Plaintiff for this particular risk and to cover any taxes that Defendants may owe.

5. **Review of the Court.** The Parties further request that the Court review and approve this Agreement and that the Court, accordingly, dismiss, with prejudice, the above-styled lawsuit, including claim and counterclaim, presently pending in

the United States District Court for the Northern District of Georgia, upon the effective date of this compromise Settlement Agreement. It is also agreed that in the event the above-numbered and entitled lawsuit is not dismissed with prejudice, this compromise Settlement Agreement shall become null and void.

6. **Mutual Waiver and General Release of Claims**. Ho agrees to waive and release every known or unknown action, cause of action, suit, or claim, asserted or unasserted, that Ho may have against Defendants and any heirs, legal representatives, successors, assigns, agents, attorneys, officers, directors, owners, members, managers, employees, and affiliates of Defendants. Defendants agree to waive and release every known or unknown action, cause of action, suit, or claim, asserted or unasserted, that Defendants may have against Ho, and any heirs, legal representatives, successors, assigns, agents, and attorneys of Ho.

7. **Transfer of Claims**. The Parties represent and warrant that they have not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. The Parties each agree to indemnify and hold the others harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action, or judgments based on or arising out of any such assignment or transfer. The Parties further warrant that there is nothing that would prohibit any Party from entering into this Agreement.

8. **Ho is Not Prevailing Party**. Ho shall not be considered a prevailing party in this action for any purpose.

9. **Breach**. The Parties acknowledge that if either materially breaches this Agreement, and/or commences a suit or action or complaint in contravention of this release and waiver of claims, the aggrieved Party shall be entitled to all remedies allowed in law or equity for the enforcement of this Settlement Agreement. The prevailing party in such an action is entitled to attorneys' fees and costs. The Parties agree that they shall request that the District Court for the Northern District of Georgia retain jurisdiction over any action arising under this paragraph. If the District Court refuses jurisdiction, the Parties agree that such action may be filed in any Georgia state or superior court of competent jurisdiction.

10. **Entire Agreement**. This Agreement contains the entire agreement and understanding between Ho and Defendants with respect to any and all disputes

or claims that Ho has, or could have had, against Defendants, and that Defendants have, or could have had, against Ho, as of the date this Agreement is executed, and supersedes all other agreements between Ho and Defendants with regard to such disputes or claims. This Agreement shall not be changed unless in writing and signed by both Ho and Defendants.

11. **Severability**.  The invalidity or unenforceability of any provision of this Agreement shall not affect or impair any other provisions, which shall remain in full force and effect.  Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term, or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the Parties.

12. **Parties' Acknowledgement.   The Parties acknowledge that no representation, promise or inducement has been made other than as set forth in this Agreement, and that the Parties enter into this Agreement without reliance upon any other representation, promise or inducement not set forth herein.  The Parties further acknowledge and represent that each assumes the risk for any mistake of fact now known or unknown, and that each Party understands and acknowledges the significance and consequences of this Agreement and represents that its terms are fully understood and voluntarily accepted.  The Parties also acknowledge: (a) that they have consulted with or have had the opportunity to consult with an attorney of their choosing concerning this Agreement and have been advised to do so; and (b) that the Parties have read and understand this Agreement, are fully aware of its legal effect, and have entered into it freely and voluntarily based on their own judgment and/or their attorneys' advice. The Parties acknowledge that they have been given a reasonable time to consider the terms of this Agreement. The Parties further represent and agree that they fully understand all of the provisions of this Agreement, and that they are voluntarily entering into this Agreement.**

13. **Headings**. The headings contained in the Agreement are for reference purposes only and shall not in any way affect the meaning or interpretation of this Agreement.

14. **Execution**.  This Agreement may be executed in counterparts and an executed version of this Agreement, if transmitted by facsimile or if scanned and

5

emailed, shall be effective and binding as if it were the originally executed document.

DATE: 3/30/18                    Signature: _____
                                 CHRISTINA HO – PLAINTIFF

DATE: 3/30/2018                  Signature: _____
                                 BRIAN KIM – PLAINTIFF'S COUNSEL

DATE: _____            Signature: _____
                                 KANGSAN, LLC – DEFENDANT

DATE: _____            Signature: _____
                                 HYANGSOOK CHUNG – DEFENDANT

DATE: _____            Signature: _____
                                 MATT MCGAHREN – DEFENDANTS'
                                 COUNSEL

*Christina Ho vs. Hyang Sook Chung, et al.*

Civil Action No. 1:17-CV-03246-LMM

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**

emailed, shall be effective and binding as if it were the originally executed document.

DATE: _____   Signature: _____
                                CHRISTINA HO – PLAINTIFF

DATE: _____   Signature: _____
                                BRIAN KIM – PLAINTIFF'S COUNSEL

DATE: X 3-16-2018              Signature: _____
                                KANGSAN, LLC – DEFENDANT

DATE: 3-16-2018                Signature: _____
                                HYANGSOOK CHUNG – DEFENDANT

DATE: X 3-16-2018              Signature: _____
                                MATT MCGAHREN – DEFENDANTS' COUNSEL

*Christina Ho vs. Hyang Sook Chung, et al.*

Civil Action No. 1:17-CV-03246-LMM

**SETTLEMENT AGREEMENT AND GENERAL RELEASE**