IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTINA HO,                          |
                                       |
    Plaintiff,                     |
                                       |      Civil Action No.
vs.                                    |      1:17-CV-03246-LMM
                                       |
HYANG SOOK CHUNG, and                  |
KANGSAN, LLC d/b/a                     |
"KEUM SOO KANG SAN",                   |
                                       |
    Defendants.                    |

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, IMPOSE SANCTIONS, AND AWARD ATTORNEY'S FEES

COME NOW Matthew F. McGahren, Esq., and Eric J. Marlett, Esq., of McGahren Law Firm, LLC (hereinafter collectively "Counsel"), and, to the extent that it is appropriate and possible for Counsel to respond on behalf of the Defendants under the circumstances described herein, COME NOW also Defendants Hyang Sook Chung ("Chung") and Kangsan, LLC d/b/a "Keum Soo Kang San" ("Kangsan") (hereinafter collectively "Defendants"), and hereby present this Response in Opposition to Plaintiff's Motion to Enforce Settlement Agreement, Impose Sanctions, and Award Attorney's Fees [Ct. Doc. 32] (hereinafter the "Motion to Enforce" or "Motion").

## I. PRELIMINARY STATEMENT

Before proceeding to their argument, Counsel would like to say just a few words regarding their role in this case and the difficulties inherent in providing this Response. To be frank, Counsel have never been in a circumstance quite like this, where they find themselves duty-bound to respond to a substantive motion on behalf of parties with whom they no longer have an active attorney-client relationship.

While fully appreciating the fact that they remain listed as counsel of record, pending a ruling on their Motions to Withdraw, and while understanding that that status comes with certain obligations, there is nevertheless some understandable uncertainty surrounding their proper role in this case in light of the circumstances which have been described in previous filings with the Court, and which are further detailed below.

For example, in the absence of an active attorney-client relationship, Counsel have no express authority to speak or act on behalf of the Defendants, which creates uncertainty as to what Counsel may properly say or do. All Counsel can do is present the most effective arguments available under the circumstances, and take appropriate steps to protect Defendants' interests as best they can. Counsel will endeavor to do just that in this Response, but even in something as otherwise simple as identifying their role as "Counsel for Defendants" or "Former Counsel for Defendants", these

difficulties are unavoidable and indicative of the dilemma Counsel face. If Counsel identify themselves as "Former Counsel for Defendants", there is a concern that this could potentially be interpreted as disregarding the fact that the Court has not yet allowed Counsel to withdraw from this case, but, on the other hand, Counsel are reluctant to identify themselves as "Counsel for Defendants", as this might inaccurately imply an active-attorney client relationship that does not currently exist. Counsel's obligation of candor toward the tribunal requires that Counsel make clear that even though they are still counsel of record in this case, they are, as a practical matter, unable to speak or act directly for the Defendants, and thus this Response, although the product of Counsel's best efforts to navigate this dilemma, is necessarily constrained by this limitation.

Having said this, Counsel will now present in more detail the practical considerations surrounding this Response, the substantive considerations surrounding the allegations made in the Motion to Enforce, and then, finally, arguments and discussion surrounding the relief requested by the Plaintiff.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A.    *Practical Considerations Surrounding this Response*

On March 18, 2019, Counsel prepared and sent a letter to the Defendants, and included with that letter were copies of Plaintiff's Motion to Enforce, as well as

copies of Plaintiff's Response and Opposition to Defendants' Attorneys' Motion to Withdraw [Ct. Doc. 33], Reply in Support of Motion to Withdraw as Counsel (McGahren) [Ct. Doc. 34], and Reply in Support of Motion to Withdraw as Counsel (Marlett) [Ct. Doc. 35]. The letter and enclosures were sent via UPS overnight delivery on March 18, 2019, to the three addresses previously identified in Counsel's Motions to Withdraw, as well as via email that day to Defendant Chung. Tracking indicates that all three packages were delivered either on March 19th or 20th. Absent direction from the Court, Counsel is reluctant to file copies of the actual letter and email due to concerns regarding confidentiality and privilege.

Suffice it to say that Counsel followed the Court's admonition at the Status Conference to make further attempts at communication with the Defendants, however, Counsel has been unsuccessful in reestablishing a dialogue with either of the Defendants. Out of an overabundance of caution, since the UPS delivery confirmation for Defendant Chung seemed to indicate that it may have been signed for at the apartment office, just to be safe Counsel sent another copy of the same package via U.S.P.S. Priority Mail on March 22, 2019, and tracking indicates that it was delivered on March 23rd. Finally, a Korean speaking member of Counsel's staff made another attempt to call Defendant Chung last week, however there was no answer, and he was unable to leave a voicemail. Numerous previous attempts to

reach Ms. Chung by phone were similarly unsuccessful, with one exception several weeks ago when Ms. Chung did call the office briefly. There has been no response from any of the Defendants to Counsel's most recent communications.

It is worth noting that due to this lack of two-way communication, and the length of time since the case was originally settled, all of the contact information Counsel is using is the last known information Counsel has for the Defendants, and Counsel cannot presently confirm the accuracy of that information, though nothing has been returned undeliverable.

It is within this context, and the inherent limitations this places on Counsel's ability to respond, that Counsel will now attempt to present the substantive considerations surrounding the allegations made in Plaintiff's Motion to Enforce.

**B.** ***Substantive Considerations Surrounding Allegations of Motion to Enforce***

At the outset, Counsel would note that the allegations of non-payment have been presented to this Court solely in the motion brief of Plaintiff, and are not supported by affidavit, as required by Local Rule 7.1(A)(1). In making this argument, Counsel are not necessarily disputing the truth of those allegations. The fact is, given the lack of communication from Defendants, Counsel is simply unable to admit or deny the specific allegations of non-payment, although Counsel does acknowledge that Defendant Chung, as explained further below, has represented an

inability to pay, which would indicate that at least some amount may not have been paid. In any event, in the interest of advocating for the Defendants, Counsel would argue that affidavits should be required to support Plaintiff's Motion to Enforce, not only because of the Local Rule, but also because it is important, particularly in a circumstance such as this, to ensure that if the Court does ultimately grant Plaintiff's Motion to Enforce, that it does so on the basis of competent evidence.

In terms of providing a substantive response to the allegations of the Motion to Enforce, in the event that they are indeed ultimately supported by proper evidence, Counsel has only limited information to provide, and, to be fair, due to the lack of communication from Defendants, Counsel are currently unable to present affidavits in support of this information. Nevertheless, Counsel will provide what limited information they have, in an effort to present the most effective arguments available under the circumstances, and to protect Defendants' interests as best they can.

With regard to Defendant Chung, as a result of that one call she made to Counsel's office several weeks ago, she conveyed that she is presently financially unable to make payments under the Settlement Agreement. Counsel would also point out, in mitigation of any alleged non-payment, and as an objective measure of Defendants' good faith, that this is not a situation where Defendants settled, and then quickly defaulted. It is undisputed that the first $5,000.00 was paid, followed by

eight timely monthly payments of $2,000.00 each, for a total of $21,000.00 out of the $26,200.00 total, or more than 80% of the settlement amount. Counsel do not dispute that Plaintiff and her attorney are entitled to pursue appropriate enforcement of their rights under the Settlement Agreement, but would simply ask that the Court consider these circumstances to the fullest extent possible when making its ruling on Plaintiff's Motion to Enforce.

With regard to Defendant Kangsan, being jointly and severally liable under the Settlement Agreement, it is equally entitled to the benefit of having the Court consider the fact that more than 80% of the settlement amount has been timely paid over the better part of a year. Beyond that, it is somewhat more complicated.

Counsel's understanding is that at the time of the events giving rise to this action, Defendant Kangsan was managed by Defendant Chung, but owned by her then husband, Kap Jong Lee. It is Counsel's further understanding that during the course of this litigation, Defendant Chung and Mr. Lee went through a divorce, which somewhat complicated our representation of the Defendants at the time. Nevertheless, we were able to reach a settlement, and Mr. Lee executed the Settlement Agreement on behalf of Defendant Kangsan.

It is Counsel's understanding that the business was subsequently sold and transferred to a third-party, and Counsel would note that the Georgia Secretary of

State's online database now lists Sang Yil Kim as the registered agent and a member of Kangsan, LLC. In Counsel's attempts to communicate with Defendant Kangsan, correspondence has been sent both to the last known address of Kap Jong Lee, former owner of Defendant Kangsan and signatory for Kangsan, LLC, on the Settlement Agreement, as well as the listed address for Sang Yil Kim, the current registered agent for Kangsan, LLC. Unfortunately, no one has, in fact, responded on behalf of Defendant Kangsan to Counsel's recent communications regarding this case, and it is worth noting that Counsel has never been in communication with Sang Yil Kim, the apparent new owner. As such, Counsel is unable to provide any further substantive response on behalf of Defendant Kangsan to the allegations of the Motion to Enforce.

However, beyond the substance of Plaintiff's allegations of non-payment, there are certain aspects of the Motion to Enforce, in particular, the relief requested by Plaintiff, that deserve further discussion, and Counsel will now turn to their arguments surrounding those issues in the final section of this Response.

**C.** ***Arguments and Discussion Surrounding Relief Requested by Plaintiff***

With respect to two of the cases cited by Plaintiff in section 5 of the Motion to Enforce, *Roadway Express v. Piper*, 447 U.S. 752, 100 S. Ct. 2455, 65 L. Ed. 2d 488 (1980), and *Glatter v. Mroz (In re Mroz)*, 65 F.3d 1567 (11th Cir. 1995), both

are of limited value in this instance because in each case the appellate court ended up reversing and remanding for a further determination as to whether or not there had been bad faith conduct. These cases therefore provide no support for the contention that Defendants have engaged in bad faith conduct in this case.

In the third case cited by Plaintiff, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991), a finding of bad faith *was* affirmed, but the facts of that case are entirely inapposite. The Supreme Court's opinion contains a lengthy recap of the relevant events in the course of that litigation, but it is sufficient for present purposes to note, in summary, that the District Court in that case found that the sanctioned party had " '(1) attempted to deprive this Court of jurisdiction by acts of fraud, nearly all of which were performed outside the confines of this Court, (2) filed false and frivolous pleadings, and (3) attempted, by other tactics of delay, oppression, harassment and massive expense to reduce plaintiff to exhausted compliance.' " *Id*., at 41. The simple failure of Defendants in this case, if proven true, to make the last three monthly installment payments under a Settlement Agreement hardly rises to the level of conduct deemed bad faith and sanctioned in *Chambers*.

Plaintiff invokes the inherent power of this Court in an apparent effort to impose further sanctions, beyond simple enforcement of the Settlement Agreement.

As Plaintiff even recognizes, however, "because of their potent nature, 'inherent powers must be exercised with restraint and discretion." *Glatter v. Mroz (In re Mroz)*, 65 F.3d, at 1575. " 'A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process.' " *Id*. In fact, it is a common theme in bad faith cases that the conduct usually implicates some form of an abuse of the judicial process, not a simple breach of contract. Sanctions under the inherent power are appropriate "where a party has acted in 'bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Id*. Again, even if proven true, a simple failure to pay the last three installments, out of a total of eleven, after having paid more than 80% of the amount owed under a Settlement Agreement, cannot fairly be viewed as an abuse of the judicial process, or in any way otherwise rising to the level of sanctionable conduct.

In fact, upon close examination of section 5 of Plaintiff's Motion, Plaintiff is actually not contending that the alleged failure to pay constitutes bad faith. Plaintiff is only contending that an alleged failure to *explain* the alleged failure to pay is what constitutes bad faith sufficient to warrant additional sanctions.

First, any failure to *explain* an alleged failure to pay in these circumstances is no more egregious than would be the alleged underlying failure to pay, which is in no way egregious at all. In fact, if anything, an alleged failure to explain would have

to be considered far *less* egregious because Defendants at least have an obligation to make payments under the Settlement Agreement. Plaintiff points to no authority establishing a corresponding obligation on the part of Defendants to defend themselves against allegations of non-payment. In short, any failure to provide an *explanation* would not be sanctionable bad faith conduct.

Second, the assertions of Plaintiff in section 5 of her Motion are also simply inaccurate. Counsel clearly recall explaining at the Status Conference, even though no Motion to Enforce was yet pending, that Defendant Chung had indicated that she was unable to pay. The contention that "Defendants' counsel provided no excuse or any circumstances that caused Defendants stopped from making payments. …" is incorrect, and necessarily fails as a purported basis for Plaintiff's bad faith claim for additional sanctions.

Finally, even if sanctions were warranted in this case, and they are not, but even if they were, there is no clear indication of what Plaintiff is actually seeking in terms of additional sanctions. If Plaintiff prevails in her enforcement of the Settlement Agreement, she would already be entitled as a prevailing party to an award of attorney's fees and costs under Paragraph 9 of the Settlement Agreement. As such, any additional sanction of attorney's fees would be duplicative. Plaintiff offers no explanation or suggestion as to what she is actually seeking from this claim,

if not the usual award of attorney's fees, which would be redundant here, and thus Counsel and Defendants cannot fully respond to the claim, unless and until Plaintiff provides an explanation as to the nature of any additional sanctions she believes she may be entitled to.

### III. CONCLUSION AND PRAYER FOR RELIEF

In closing, Counsel would just note that despite Plaintiff's claims of bad faith and pursuit of sanctions, the present case boils down to a simple alleged breach of contract, in that Defendants allegedly failed to make the last three installment payments under the Settlement Agreement. If Plaintiff prevails on that claim, she would be entitled to whatever remedies the Settlement Agreement provides, and she would presumably be entitled to reduce her claim for any remaining amounts owed under the Settlement Agreement to a final judgment against the Defendants. Plaintiff could then take that judgment and pursue collection efforts through any federal or state court with appropriate jurisdiction. Again, the circumstances of this case do not establish any bad faith conduct on the part of Defendants, and there is simply nothing to warrant any additional sanctions under the Court's inherent power.

As stated at the outset, Counsel has endeavored to present the most effective arguments available under the circumstances, and to take appropriate steps to protect Defendants' interests as best they can. However, Counsel's obligation of candor

toward the tribunal again requires that Counsel make clear that even though they are still counsel of record in this case, they are, as a practical matter, for the reasons explained above, unable to speak or act directly for the Defendants, and thus this Response, although the product of Counsel's best efforts to navigate this dilemma, is necessarily constrained by this limitation, and by the limited information that has been communicated to Counsel.

Within that context, Counsel respectfully requests, on Defendants' behalf, to the extent that it is appropriate and possible for Counsel to do so for the protection of Defendants' interests, that the Court deny Plaintiff's Motion to Enforce on the grounds that she has failed to establish the alleged non-payment with proper evidence, and further requests that the Court deny Plaintiff's request for additional sanctions on the grounds that Plaintiff has failed to establish any bad faith conduct sufficient to warrant the exercise of the Court's inherent powers.

[SIGNATURE(S) ON FOLLOWING PAGE]

This 27th day of March, 2019.

Respectfully submitted,
MCGAHREN LAW FIRM, LLC

/s/ *Matthew F. McGahren*
Matthew F. McGahren, Esq.
Georgia Bar No. 491330
Eric J. Marlett, Esq.
Georgia Bar No. 470931

Counsel for Defendants /
Former Counsel for Defendants

6171 Crooked Creek Rd., Suite A
Peachtree Corners, GA 30092
Ph: (770) 729-1795
Fax: (770) 729-1774
matt@mcgahrenlaw.com
eric@mcgahrenlaw.com

*Christina Ho vs. Hyang Sook Chung, et al.*

Civil Action No. 1:17-CV-03246-LMM

**RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT,
IMPOSE SANCTIONS, AND AWARD ATTORNEY'S FEES**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTINA HO, | |
| Plaintiff, | |
| | Civil Action No. |
| vs. | 1:17-CV-03246-LMM |
| | |
| HYANG SOOK CHUNG, and | |
| KANGSAN, LLC d/b/a | |
| "KEUM SOO KANG SAN", | |
| | |
| Defendants. | |

## CERTIFICATE OF COMPLIANCE

Pursuant to LR 7.1(D), I hereby certify that this brief was prepared using the Times New Roman, 14-point font and is therefore in compliance with the font types and font sizes set forth in LR 5.1(C).

This 27th day of March, 2019.

/s/ *Matthew F. McGahren*
Matthew F. McGahren, Esq.
Georgia Bar No. 491330

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTINA HO,                          |
                                       |
    Plaintiff,     |
                                       |          Civil Action No.
vs.                                    |          1:17-CV-03246-LMM
                                       |
HYANG SOOK CHUNG, and                  |
KANGSAN, LLC d/b/a                     |
"KEUM SOO KANG SAN",                   |
                                       |
    Defendants.    |

## CERTIFICATE OF SERVICE

I, Matthew F. McGahren, Counsel for Defendants / Former Counsel for Defendants, do hereby certify that I have served the within and foregoing **RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT AGREEMENT, IMPOSE SANCTIONS, AND AWARD ATTORNEY'S FEES** by means of electronic service through the Court's CM/ECF system to the following:

Brian G. Kim, Esq.                     brian@leonandkim.com
Brian Kim, PC
1815 Satellite Blvd., #303
Duluth, GA 30097

This 27th day of March, 2019.          /s/ *Matthew F. McGahren*
                                       Matthew F. McGahren, Esq.
                                       Georgia Bar No. 491330

- 16 -